UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
DAVID HOFFMAN,                                                         :
                                                                       :
                              Plaintiff,                               :
                                                                       :         24-CV-5299 (JMF)
              -v-                                                       :
                                                                       :         ORDER
MAREX SERVICES INC. et al.,                                            :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On July 12, 2024, Plaintiff filed a Complaint in which he invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.  *See* ECF No. 1, ¶ 15.  Although Plaintiff states that this matter "is between citizens of a different states," he merely alleges his state of residence, not his state of citizenship.  *Id.* ¶¶ 11, 14.  This is not enough.  *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)).  For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

Accordingly, no later than **July 24, 2024**, Plaintiff shall file an amended complaint properly alleging his *citizenship*.  If, by that date, Plaintiff does not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

SO ORDERED.

Dated: July 17, 2024
       New York, New York                                    _____
                                                             JESSE M. FURMAN
                                                             United States District Judge